**A B C STORES, Inc., v. T. S. RICHEY & CO.**
(No. 716-4325.)

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

1. **Trade-marks and trade-names and unfair competition ⬅➡35—Purchaser of store held not to have acquired right to use trade-name by purchase.**

Purchaser of store, with right to use trade-name for stated period, from one using such name by permission of another, which immediately repudiated sale thereof as unauthorized, and so notified buyer, *held* not to have acquired exclusive right to use it by purchase, in absence of evidence that seller had adopted and used it otherwise than by permission.

2. **Trade-marks and trade-names and unfair competition ⬅➡93(1)—Burden is on one asserting exclusive right to use trade-name, to establish such right before equity will protect it.**

Burden is on one asserting exclusive right to use trade-name in certain territory, to establish such right before equity will protect it.

3. **Trade-marks and trade-names and unfair competition ⬅➡30—Purchaser of store held not entitled to protection of trade-name and advertising device used by seller with defendant's permission.**

Where defendant, operating retail grocery stores, had used trade-name and advertising device in Galveston and Houston long before their use by store in Beaumont with defendant's permission, *held* that purchaser of Beaumont store, having knowledge of facts, was not entitled to exclusive use of name as against defendant, on ground of priority of adoption and use.

4. **Trade-marks and trade-names and unfair competition ⬅➡45—Registrant of trade-name and advertising device held entitled to exclusive use thereof as against permissive user.**

Registration of trade-name and advertising device with secretary of state, under Rev. St. 1925, art. 851, gave registrant exclusive use thereof throughout state as against purchaser from permissive user, who had not acquired exclusive use by purchase or prior use.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by T. S. Richey & Co. against the A B C Stores, Inc. Decree for plaintiff was affirmed by the Court of Civil Appeals (266 S. W. 551), and defendant brings error. Reversed and rendered.

Boyles, Brown & Scott, of Houston, for plaintiff in error.

F. M. Sheffield and Archie L. Shaw, both of Beaumont, for defendant in error.

BISHOP, J. On December 12, 1923, T. S. Richey & Co., a corporation engaged in the retail grocery business in the city of Beaumont, filed this suit in the Fifty-Eighth district court of Jefferson county, against the A B C Stores, Inc., doing a similar business in Galveston and Houston, and others, for damages and to enjoin them from using the trade-name "A B C Stores," and from making use of an advertising devise consisting of A B C blocks, with blocks B and C as a base, and block A on top, and on the side of A the words "Self-serve, self-save," and on the side of block C the words "Quality goods."

In its petition, it alleged that on or about the 21st day of October, 1922, the Texas Food Shop, a corporation, opened a grocery business in the city of Beaumont, and adopted said business name and device as its method of advertising its business; that it continued to use said name and device until about January 1, 1923, when it sold its business, to-

gether with the right to use said name and advertising device, to the plaintiff, T. S. Richey & Co., and that since said purchase plaintiff has continued the use of said name and device; that on or about November 23, 1923, defendant, A B C Stores, Inc., established a grocery business in the city of Beaumont, and had begun and was making use of said name and device as a method of advertising its business in the Beaumont trade territory; that T. S. Richey & Co. was entitled to the exclusive use of said name and device in Beaumont, and that the use thereof by the A B C Stores, Inc., constituted unfair competition.

On presentation of the petition, the judge of said district court entered an order restraining the defendants from making use of said name and advertising device pending hearing, which was had on December 31, 1923. On this hearing an order was entered, enjoining the A B C Stores, Inc., from the use of said name and device, and dissolving the restraining order theretofore granted against the other defendants. From this judgment the A B C Stores, Inc., perfected its appeal, and the judgment was by the Court of Civil Appeals affirmed. 266 S. W. 551.

[1] A full statement of the facts established by the evidence is made in the opinion of the Court of Civil Appeals. The material facts necessary to the question here discussed are as follows: The A B C Stores, Inc., was incorporated under the laws of this state in September, 1919. Its first grocery store was opened at Galveston, and later it added two stores in Houston. In 1920 it adopted and began using the advertising device described in the petition. In 1921 Ernest Alexander and William A. Ryan organized the Texas Food Shop, and opened a store in Beaumont, Tex. The Texas Food Shop was incorporated in October, 1922, as alleged. Alexander was president of both the A B C Stores, Inc., and the Texas Food Shop, and, when the Texas Food Shop was organized, the A B C Stores, Inc., permitted it to use the trade-name "A B C Store" and the A B C blocks above described, as an advertising device, and this name and device were so used by the Texas Food Shop until its store in Beaumont was sold to T. S. Richey and Paul White, composing the firm of T. S. Richey & Co., on January 5, 1923. This sale was evidenced by a bill of sale purporting to convey. "the Beaumont store, fixtures, merchandise, and the right to use the trade-name 'A B C Store' in the city of Beaumont for a period of 25 years from May 28, 1923 (the date of the organization of the Texas Food Shop)." On the day following this sale, the A B C Stores, Inc., having learned that the trade-name was purported to have been conveyed, advised Richey that the Texas Food Shop did not have the right to convey the trade-name "A B C Store." T. S. Richey was an employee of the Texas Food Shop from January 21, 1921, until he and White purchased the store from it, and had the control and management of the business from the time of its opening until the store was sold to him and White. Soon after the sale, the business was incorporated in the name of T. S. Richey & Co.

There is no evidence to indicate that the Texas Food Shop adopted and used this trade-name or the advertising device independently of the permissive use given by the A B C Stores, Inc.

After the purchase of the Beaumont store, T. S. Richey & Co. continued to use the trade-name and blocks.

We agree with the conclusion reached by the Court of Civil Appeals that T. S. Richey & Co. did not acquire the right to the exclusive use of the trade-name and advertising device by purchase from Texas Food Shop. That court, however, held that the prior adoption and use of the trade-name and device of advertising employed by the A B C Stores, Inc., in its retail grocery business in Galveston and Houston did not give it exclusive right to use same in Beaumont, to which its market did not extend, and that for this reason T. S. Richey & Co., by its continuing to use this trade-name and advertising method after its purchase from Texas Food Shop, acquired the exclusive right to same, and was entitled to equitable relief, enjoining the A B C Stores, Inc., from the use of them in the Beaumont trade territory. In 38 Cyc. pp. 825 and 826, it is said:

"The right to a trade-name in which a business is conducted is usually of only local extent, and the name will be protected against use by others only in the locality where the business is conducted, and the name is known. The right is co-extensive with, and limited to, plaintiff's market. The use of the same or similar trade-name or business name in a different noncompetitive class of business does not constitute unfair competition and will not be enjoined. Priority in adoption and user of the name of a store or business confers a superior right to the name in the particular locality."

[2, 3] The question here to be determined is whether T. S. Richey & Co. has acquired exclusive right in the Beaumont territory. The burden is on it to establish this right before equity will award the relief it seeks.

The A B C Stores, Inc., had not only adopted and used the name and blocks at Galveston and Houston long prior to their use by defendant in error in Beaumont, but had given the Texas Food Shop permission to use them. This use in Galveston and Houston, as well as the permissive use in Beaumont, was known to T. S. Richey & Co. The use of the trade-name and advertising device was continued with full knowledge that the A B C Stores, Inc., was instrumental in establishing them as a trade-name and advertising device in the Beaumont territory, and was claiming the right to use them there. For this rea-

son, we think T. S. Richey & Co. is in no position to claim priority of adoption and use.

[4] On November 26, 1923, the A B C Stores, Inc., filed and recorded in the office of the secretary of state the A B C blocks and trade-name as prescribed by the provisions of article 851, Revised Civil Statutes of 1925 (article 706, Revised Civil Statutes 1911), and, though it is here seeking no affirmative relief, it is claiming that, under the provisions of this statute, T. S. Richey & Co. has no right to the name and device. We think this contention should be sustained. This statute was enacted for the purpose of conferring a state-wide right to the exclusive use of such particular name or device as comes within its terms, and, since the evidence in this case shows that the A B C Stores, Inc., had complied therewith, and that T. S. Richey & Co. had acquired no exclusive right to the use of the name or device, either by purchase or prior user, it should be held to have no right to use same either in Beaumont or elsewhere.

We recommend that the judgment of both the district court and Court of Civil Appeals be reversed, and the injunction issued by the district court dissolved.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered dissolving the injunction.