GEORGE A. GLUCK *et al.* v. MAURICE E. KAUFMAN

(No. 8264)

Submitted April 21, 1936.   Decided June 20, 1936.

686

*Charles W. Louchery* and *Kendall H. Keeney,* for appellants.

*J. Leonard Baer,* for appellee.

KENNA, JUDGE:

George A. Gluck, Max H. Gluck and Morris A. Gluck, as partners trading and doing business under the trade name "Darling Shop", filed their bill of complaint in the Circuit Court of Ohio County seeking to enjoin the defendant, Maurice E. Kaufman, from doing business in the City of Wheeling under the trade name "The Darling Shop." The trial court sustained a demurrer to the plaintiffs' bill of complaint, and, from the order of dismissal, plaintiffs below prosecute this appeal.

The bill of complaint alleges that in September, 1929, the plaintiffs established a shop in Youngstown, Ohio, and began doing business under the trade name "Darling Shop." About a year later, they established similar shops in Parkersburg and Clarksburg, West Virginia, which they conducted under the same name, and in March, 1930, they established a similar shop in the City of Charleston, also under that name. The bill alleges

that by extensive advertising, plaintiffs have definitely identified their places of business in the minds of the general public with the trade name they are using, and goes on to allege that the defendant, in connection with a shop dealing in the same line of women's apparel and other merchandise in which plaintiffs deal, has adopted the trade name "The Darling Shop" and is using it in the City of Wheeling where are located a number of the plaintiffs' customers, thus misleading and causing highly damaging confusion among the customers of the plaintiffs, as well as among the manufacturers and others with whom the plaintiffs do business. The bill of complaint alleges that the plaintiffs have registered their trade name with the secretary of state under the provisions of Code, 47-2-1, and that the defendant has registered the trade name in use by him in the office of the clerk of the county court of Ohio County under Code, 47-8-2.

The plaintiffs in error, plaintiffs below, argue here that their bill of complaint is sufficient on two theories: (1) that their registration under the statute with the secretary of state entitles them to the exclusive use of the trade name in question within the confines of the state; and (2) that if their bill of complaint is not sufficient under the statute, or rather if compliance with the statute does not entitle them to the exclusive use of the trade name throughout the state, then their bill of complaint is nevertheless good under the common law rule entitling them to enjoin unfair competition.

The trial court concluded, as is shown by a memorandum of opinion made a part of the record, that the West Virginia statute is directed to the protection of trademarks, as distinguished from trade names, and that therefore registration under it did not entitle the plaintiffs to the exclusive use of the trade name claimed by them. With this conclusion, we agree. Our statute is as follows: "Whenever any person, firm or corporation, or any association or union of workingmen, has heretofore adopted or used, or shall hereafter adopt or use, any

label, trade-mark, term, design, device or form of advertisement for the purpose of designating, making known, or distinguishing any goods, wares, merchandise or other product of labor, as having been made, manufactured, produced, prepared, packed or put on sale, by such person, firm, corporation or association or union of workingmen, or by a member or members of such association or union, such person, firm, corporation, or association or union of workingmen may register the same as provided in the following section."

The controlling words of this statute are "for the purpose of designating, making known, or distinguishing *any goods, wares, merchandise or other products of labor,* as having been made, manufactured, produced, prepared, packed or put on sale," etc. It is not here alleged that the term "Darling Shop" was used by the plaintiffs to distinguish or designate the merchandise that they were selling. According to the allegations of the bill, the term was used to designate and to identify their entire business enterprise; not particularly the goods sold. There is a well defined distinction between a trade name and a trade-mark. The one identifies and distinguishes the articles dealt in, while the other distinguishes and identifies the entire enterprise, as the name of a corporation distinguishes and identifies it. We are of the opinion that our statute was intended to apply only to the goods dealt in, and hence that it deals only with the subject of trade-marks as distinguished from trade names. The cases cited and relied upon on this question in the brief of the appellant are under statutes so dissimilar to ours that we think they have no application. The California statute in terms includes persons who conduct a particular business and registering a name as describing that business. The Texas statute permits the registration of a "form of advertising" without restricting that phrase to "products of labor" as does our statute. Both are much broader than our statute in this respect. We therefore conclude that the demurrer to the bill of complaint was correctly sustained in so far

as the right of the appellants under our statute is concerned.

We are of the opinion that the allegations of the bill of complaint to the effect that the defendant below registered the name "The Darling Shop" under section 2 of article 8 of chapter 47 of the Code (fictitious name statute, so-called) would not affect the right to use the name so registered as against the right of some person who had made a prior adoption of the same trade name in the same trade area. The fictitious name statute is intended for the benefit of creditors, and it is not intended to cover the question of trade names in the sense that they are here considered.

The remaining question is whether the bill of complaint is good as a bill seeking to enjoin an unfair trade practice under the common law rule. The learned trial chancellor, as shown by his memorandum of opinion, was of the opinion that the bill of complaint was insufficient in this respect also, basing his holding upon the fact that—"Retail stores in Parkersburg, Clarksburg and Charleston may not reasonably be supposed to have such a number of customers in Wheeling that they cannot adequately protect themselves against the competition caused by confusion of names of some one else operating a store in Wheeling under a name similar to that of the other three." With this conclusion, we cannot agree. It may well be that in the matter of proof, the plaintiffs may be entirely unable to show that they are in competition with the shop of the defendant in the city of Wheeling. Should their proof fail in this respect, then they would have no right to enjoin the use of the same trade name by the defendant in the Wheeling area. We do not think, however, that on demurrer it can be assumed that the plaintiffs' proof will fail in this respect, however difficult we may think it will be for the plaintiffs to make a proper showing.

The question, of course, is, whether the allegations of the bill of complaint, taken as true, are sufficient. We are of the opinion that they are. The bill of complaint

690

alleges that the plaintiffs, at considerable expense and after extensive advertising, have established their business over an area that includes the City of Wheeling, where they have a number of customers. It goes on to allege that the plaintiffs' customers in that area are being confused and misled by the appropriation by the defendant of the same trade name that the plaintiffs are using in the same area. These allegations, while they may be extremely difficult of proof and are not as specific with reference to numbers of customers and degree of interference as could be desired, we think are, nevertheless, sufficient to make the bill of complaint good in this respect under the common law rule. They, at least to a degree, show trade competition between plaintiffs and defendant in the Wheeling trade area and use of the same trade name by them there to the damage of the plaintiffs who had the prior right.

The defendant below urges that the word "Darling" is merely a descriptive term that cannot be exclusively appropriated as a trade name. We are of the opinion that, in connection with the use made by the plaintiffs of that word, it is not descriptive of anything, but appears in a purely arbitrary and fanciful sense, and, consequently, although an ordinary word of general use and acceptation is susceptible of being exclusively appropriated by the plaintiffs to the use to which they desire to put it.

For the reasons stated, we are of the opinion that the bill of complaint necessarily fails as a bill seeking to protect a *trade name* because of the registration of that name by the plaintiffs under the *trade-mark* statute. We are further of the opinion that the allegations of the bill of complaint are sufficient, if proven, to entitle the plaintiffs to the relief sought under the common law rule against unfair competition.

We therefore reverse the decree of the Circuit Court of Ohio County and remand the cause for further proceedings in accordance with this opinion.

*Reversed; remanded.*