## SHUGART v. ROGERS.

### No. 14503.

Court of Civil Appeals of Texas. Fort Worth.

March 19, 1943.

Rehearing Denied April 30, 1943.

Hughes & Monroe and P. P. Ballowe, all of Dallas, for appellant.

Henry Klepak and W. Glenn Polk, both of Dallas, for appellee.

BROWN, Justice.

Appellee, S. J. Rogers, is a licensed optometrist, who follows his profession by reason of having been so licensed by the State of Texas.

On the 11th day of October, 1940, appellee filed with the Secretary of State, under oath, and in compliance with the provisions of Article 851 of the Revised Civil Statutes, an instrument in writing setting forth that applicant had used "the label, trademark, design or imprint", attached thereto, since June 1, 1936, and that applicant is the sole owner of same.

He filed such instrument for the purpose of protecting his right to the use of these words employed in his business, viz. "Texas State Optical Company".

The Secretary of State filed the "design, label or trademark" on the 14th day of October, 1940, and delivered a certified copy, as the statute requires, to appellee.

Appellee brought suit in the District Court of Dallas County against appellant, H. H. Shugart, alleging his right to the exclusive use of the said name, label, etc., by reason of his compliance with said

statutory law and by reason of his exclusive use thereof for several years before he attempted to comply with the provisions of said cited Article.

He alleged that appellant, Shugart, had, just prior to bringing of this suit, opened a place of business in Dallas, Texas, and was using the same name and advertising his business as "Texas State Optical Company".

Rogers alleged that he owned and conducted a number of business establishments in the State of Texas under the name so adopted by him, and that he was at the time of the filing of this suit in the process of negotiating a lease on property in the City of Dallas for the purpose of opening and conducting a business there under the name chosen by him.

Alleging injury to him and his business by Shugart in the wrongful use of the same name, etc., he alleged that he had been damaged and would thereafter be damaged in a large sum of money unless Shugart was restrained from using the same name, etc., in the operation and conduct of Shugart's business, and he prayed for a temporary injunction upon a hearing and after due notice.

The notice was given and a hearing was had and the trial court rendered judgment awarding plaintiff a temporary injunction, as prayed for, but on motion of defendant suspended the enforcement of the decree upon defendant executing and filing a supersedeas bond in the sum required.

The defendant has appealed and presents a written argument in support of his right to have the decree vacated, pending a hearing on the merits.

In the first place, appellant having caused the suspension of the enforcement of the temporary injunction, by superseding the decree, is now suffering no inconvenience and no injury from such decree and, in the event he should be successful when the cause is tried on its merits, he would necessarily suffer no damages and his supersedeas bond would become functus officio.

In the second place, the granting of a temporary injunction rests largely in the discretion of the trial court, and, unless it be shown that such discretion has been abused, an appellate court will be slow to interfere.

From what we gather in the record before us, we see no abuse of discretion on the part of the trial court.

In the third place, we believe that the trial court is supported by a decision emanating from the Supreme Court of Texas. The case is ABC Stores, Inc., v. T. S. Richey & Co., Tex.Com.App., 280 S.W. 177, 179.

When this able opinion was presented, by Section A of the Commission of Appeals, to the Supreme Court, the Chief Justice appended the following notation to same: "Judgments of the Court of Civil Appeals [266 S.W. 551] and district court both reversed, and judgment rendered dissolving the injunction."

The case cited is as nearly like the instant suit as one could desire for an authority in the cause before us.

The other authorities cited by appellee in support of the trial court's decree are interesting and to the point, but we content ourselves with citing the only opinion (so far as we know) emanating from our own Supreme Court that construes Article 851, R.C.S., and the extent of the rights conferred thereby.

Finding no error, the judgment is affirmed.