THE ATTORNEY GENERAL
OF TEXAS



GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXXXX D
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-5864
Re: Registration of trade names
under Article 851, Vernon's
Annotated Civil Statutes, and re-
lated matters.

Your letter of February 11, 1944, requesting the opinion of this department on the questions stated therein is, in part, as follows:

"Under the provisions of Article 851, R.C.S., 1925, this office is authorized to file a 'label, trade mark, design, device, imprint or form of advertisement' on behalf of persons, associations or unions of workingmen, incorporated or unincorporated that might have adopted same for its use.

"You, of course, are likewise familiar with the duties of this office with reference to the granting of corporate charters, and particularly our responsibility with respect to avoiding a conflict of names in corporations.

"It will be noted that Article 851 does not mention a 'name' or 'trade name' as one of the items subject to registration under the provisions of such article. This Department has had submitted to it from time to time trade names, such as Crescent Drilling Company, for registration which did not involve any peculiar design, type of lettering or other identifying characteristics except the name itself.

"We have also had submitted for registration under the provisions of the statute authorizing the registration of a 'label' and 'imprint' a card used by Retail Merchant's Association of Houston for keeping records in its office, which in the opinion of this office is subject possibly to a Federal patent or copyright, but not to registration under Article 851.

"In the light of the above facts, will you please advise this Department upon the following inquiries:

"1. Is a mere trade name without a peculiar design or type of lettering subject to registration under Article 851?

"2. If a trade name is subject to registration, and the registrant is unincorporated, then will such registration render such name unavailable thereafter for corporate use?

"3. If a name has previously been granted to a corporation, but has not registered under Article 851, then would its use by such corporation preclude its right to registration by an unincorporated company under Article 851?

"4. Is the record card submitted by the Retail Merchant's Association of Houston, Texas, subject to registration under Article 851?

"Photostatic copy of the application and card submitted by the Retail Merchant's Association of Houston are attached hereto."

The law of trade marks is principally a matter of Federal jurisprudence. However, there is a considerable body of statutory and case law relating to protection in the exclusive use in Texas of trade marks and names, and it is with such statutes and decisions that we arehere concerned in connection with the foregoing questions presented in your inquiry. What is known as "unfair competition" is a non-statutory subject which is not considered in this opinion, although often involving trademarks and trade names. The term "unfair competition" is broader than either trademarks or trade names. "Unfair competition" involves the principle that no person has the right to sell or advertise his own business or goods as those of another. (Tex. Jur. Vol. 41, p. 388).

The term "trademark" has been defined as follows:

"A trademark is a distinctive name, word, mark, emblem, design, symbol, or device used in lawful commerce to indicate or authenticate the source from which it has come, or through which has passed, the chattel upon or to which it is affixed." (Western Gro. Co., v. Caffarelli Bros., 108 S.W. 413, reversed on other grounds 127 S.W. 1018).

It is stated in Ruling Case Law, Vol. 26, p. 830:

"A trade name differs from a trademark, in that it is descriptive of the manufacturer or dealer himself as much as his own name is, and frequently, like

the name of business corporations, includes the name of the place where the business is located. If attached to goods, it is designed to state plainly what a trademark only indicates by association and use. It is also said to be a species of property, and while not strictly a trademark, will as a general rule be protected in like manner. A trade name also involves the individuality of the maker, for protection in trade, to avoid confusion in business, and to secure the advantages of a good reputation, and therefore is said to have a broader scope than a trademark. And it has also been declared that it is more properly applied to the good will of the business."

It is stated in Tex. Jur. Vol. 41, p. 378:

"Those trade names are nothing more than marks of trade that consist of names instead of signs or emblems; and, further, names that do not possess the necessary characteristics of a trademark, but which are so used to do service as trademarks." (Citing Nims on Unfair Competition and Trademarks, 2nd Ed., p. 374).

For other definitions of trademarks and trade names see Words & Phrases, Perm. Ed., Vol. 42, pp. 176-189.

Article 851, Vernon's Annotated Civil Statutes, provides:

"Every person, association or union of working men, incorporated or unincorporated, that shall have heretofore or shall hereafter adopt a label, trademark, design, device, imprint or form of an advertisement, shall file the same in the office of the Secretary of State by leaving two facsimilie copies with the Secretary of State and said Secretary shall return to such person, association or union so filing the same, one of said facsimilie copies along with and attached to the duly attested certificate of the filing name, for which he shall receive the fee of One Dollar. Such certificate of filing shall in all suits and prosecutions under this chapter be sufficient proof of the adoption of such label, trademark, design, device, imprint or form of advertisement, and of the right of such person, association or union to adopt the same. No label, trademark, design, device, imprint or form of advertisement shall be filed as aforesaid that would probably be mistaken for a label, trademark, design, device, imprint or form of advertisement already of record. No person or association shall be permitted to register as a label, trademark, design, device, imprint or any form of advertisement any emblem, design or resemblance thereto that has been adopted or used by any charitable,

benevolent or religious society or association,
without their consent."

Where a trademark has been abandoned or it is discontinued for more than three years, the Secretary of State is required to withdraw the mark from registration upon giving the registrant the notice required by law; and the mark may thereafter be registered by another person as his trademark. (Article 851-a, V.A.C.S.).

In connection with the questions under consideration, we have carefully considered the cases of ABC Stores, Inc., v. T. S. Richie & Company, 280 S.W. 177, and Shugart v. Rogers, 170 S.W. (2d) 813. In the case of ABC Stores, Inc., v. T.S. Richie & Company, supra, referring to Article 851, Vernon's Annotated Civil Statutes, it was said:

"This statute was enacted for the purpose of conferring a state-wide right to the exclusive use of such particular name or device as comes within its terms, and, since the evidence in this case shows that the ABC Stores, Inc., had complied therewith, and that T. S. Richie & Company had acquired no exclusive right to the use of the name or device, either by purchase or prior use, it should be held to have no right to use same either in Beaumont or elsewhere. . . ."

As we understand the foregoing cases they do not decide the questions propounded by you. The question whether a trade name without a particular design or type of lettering should be registered with the Secretary of State under the terms of Article 851 was not before the courts in these cases; therefore, this question was not passed upon by the courts in either of the foregoing cases.

We have carefully considered the case of Gluck, et al, v. Kaufman, 186 S. E. 615, wherein the Supreme Court of West Virginia had under consideration Code 47-2-1 of that State, which is very similar in some respects to Article 851, V.A.C.S. In that case, among other things, the court held that Code 47-2-1 did not provide for the registration of trade names as distinguished from trademarks, and persons attempting to register a trade name pursuant thereto, thereby acquired no exclusive right to the use of the name so attempted to be registered. However, it is noted that the Supreme Court of West Virginia in the foregoing case stated, in effect, that the Texas Statute was much broader than the West Virginia statute in some respects. As heretofore stated the Supreme Court of West Virginia held that persons attempting to register a trade name pursuant to Code 47-2-1 acquired no exclusive right to the use of the name so attempted to be registered. However, in the case of the ABC Stores, Inc., v. T.S. Richie & Company, supra, the Texas Commission of Appeals, among other things, held, in effect, that a registrant of a trade name and advertising device under Article 851, V.A.C.S., was entitled to the trade territory actually occupied by the registrant, but extends to every section of the State. It will be noted that in the ABC Stores case the court had under consideration a trade name of a particular design and form of advertising. In the case of Shugart v. Rogers,

supra, the court had under consideration the trade name "Texas State Optical Company" using the words "Texas State" and inserting within a circle between these words the following words: "Optical Company." Whether the court considered the trade name "TexasState Optical Company" in the form heretofore mentioned as a special design or device is not stated in the opinion of the court.

After a careful search of the authorities, we have failed to find any case passing directly upon the questions here involved.

It is noted that Article 851, supra, does not mention a "name" or "trade name" as one of the items subject to registration under the provisions of such article. If the Legislature in enacting Article 851 had intended to include "name" or "trade name" as one of the items subject to registration under said statute it could have easily included the words "name" and "trade name" in said Act in plain language, and had it intended to do so, it is our opinion that the Legislature would have included the words "name" and "trade name" in said Act. It is apparent that there is a well defined distinction between a "trade name" and a "trademark."

In view of that has heretofore been said, we respectfully answer your first question in the negative.

In view of our answer to your first question your second and third questions do not require further discussion.

With reference to your fourth question regarding a card submitted by the Retail Merchant's Association of Houston, it is our opinion that such card does not come within the terms of Articl 851, supra, and, therefore, it is not subject to registration under said article.

We are returning herewith the file accompanying your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By
/s/ Ardell Williams

Ardell Williams
Assistant

APPROVED FEB 28, 1944
/s/ GROVER SELLERS
ATTORNEY GENERAL OF TEXAS

AW:EP:egw
Encl.

APPROVED
Opinion Committee
By B W B
Chairman