379 S.E.2d 401

Francis V. STALNAKER, d/b/a
Glannon Spring Service

v.

David STALNAKER.

No. 18381.

Supreme Court of Appeals
of West Virginia.

April 7, 1989.

James F. Cain, Elkins, for Francis V. Stalnaker d/b/a Glannon Spring Service.

Mike Magro, Jr., Magro and Magro, Morgantown, for David Stalnaker.

PER CURIAM.

This is a dispute over the right to use the name "Glannon Spring Service." Joseph Glannon started his business, "Glannon Spring Service," about the beginning of the twentieth century. After roughly fifty years of operation, Joseph Glannon sold his business to Francis V. Stalnaker, the appellant, who operated the business until 1977. No formal transfer of the name was made by Joseph Glannon or his widow. The heirs-at-law of Mrs. Glannon formally assigned the family name to the appellant on November 18, 1986. In 1977 the appellant entered into a lease agreement with David Stalnaker, the appellee, for the operation of the business. Before the lease agreement expired on June 30, 1986, the appellee registered the name in the Fictitious Name Register in the Office of the Clerk of the Randolph County Commission.

The appellant by an amended complaint against the appellee sought (1) damages for various alleged violations of the lease and for the continuing use of the name "Glannon Spring Service," and (2) an injunction to stop the appellee's continuing use of the name "Glannon Spring Services." Based on two hearings limited to the appellant's injunction request, the circuit court held on June 22, 1987, that the appellee was entitled to use the name "Glannon Spring Service" and refused to issue an injunction.

For the reasons set forth below we reverse the decision of the circuit court.[1]

In Syllabus Point 1 of *Foglesong v. Foglesong Funeral Home, Inc.*, 149 W.Va. 454, 141 S.E.2d 390 (1965), we stated:

Every person has a right to use his own name in his own business but such use must be made truthfully and in good faith.

In *Foglesong* we recognized a limitation on the right of an individual's use of his own name as a trade name in business when the individual has previously sold a competing business using his family name. In Syllabus Point 1 of *A. W. Cox Dept. Store Co. v. Cox's Inc.*, 159 W.Va. 306, 221 S.E.2d 539 (1976), we recognized another limitation on the right of an individual to use his own name as a trade name in business when "that name had previously acquired a secondary or new primary meaning of the market area." Both *Foglesong* and *Cox* demonstrate that a family name can become a trade name.

In the present case, Joseph Glannon used his name for his spring service business and then sold the business to the appellant. The appellant continued to operate the business under the name "Glannon Spring Services," until 1977 when he leased the business to the appellee. The right to use the family name "Glannon" in business comes from Joseph Glannon, the original owner of the business. The appellant was formally assigned the name Glannon by Mrs. Glannon's heirs-at-law in 1986.

The appellee argues that the appellant ceased to do business in 1977 and, thereby, abandoned the name. However, the record indicates that the appellant "d/b/a Glannon Spring Service of Elkins" entered into a lease dated June 15, 1977 with the appellee for "that certain business establishment, known as the Glannon Spring Service."

The record indicates the appellant did not cease to use the name Glannon Spring Service before he entered into the lease in 1977.

The appellee further argues that his registration of the name as a fictitious name under *W. Va. Code*, 47–8–2 [1986] means that he is "the sole party to be entitled to use the trade name." *W. Va. Code*, 47–8–2 [1986] requires individuals, sole proprietorships and general partnerships to register their business name unless that name is "the real name or names of the individual or individuals owning, conducting or transacting such business ..." However, mere registration gives no independent right to use an assumed name. In Syllabus Point 2, *Gluck v. Kaufman*, 117 W.Va. 685, 186 S.E. 615 (1936), we stated:

Code 47–8–2 (fictitious name statute) is intended for the protection of creditors and compliance with its terms does not confer the exclusive right to the use as a trade-name of a name so registered.

We find that the appellee has no right to use the name, "Glannon Spring Service," independent of the parties' lease agreement and that when the lease agreement terminated in 1986, the appellee was no longer had a right to the name "Glannon Spring Service."

For the reasons set forth above, the judgment of the Circuit Court of Randolph County is reversed and the case is remanded for entry of an order consistent with this opinion.

Reversed.

---

1. The appellee argues that because the circuit court has not fully disposed of the entire subject matter of the appellant's case, the present case is not properly before this Court. However, *W. Va. Code*, 53–5–5 [1931] states:

When a circuit court, or a judge thereof, shall refuse to award an injunction, a copy of the orders entered in the proceedings in court, and the original papers presented to the court or to the judge in vacation with his order or refusal, may be presented to the supreme court of appeals, or a judge thereof in vacation, who may thereupon award the injunction.

Because the circuit court refused to issue an injunction, under *W. Va. Code*, 53–5–5 [1931] the present case can properly be considered by this Court.