JAMES BINGHAM *et al.*, d/b/a Winner's Circle and Winner's Circle Speed and Custom, *et al.*, Plaintiffs-Appellants, v. INTER-TRACK PARTNERS, Defendant-Appellee.

Third District   No. 3—91—0790

Opinion filed September 8, 1992.

James T. Bradley, of Joliet, for appellants.

Michael J. Martin, of Dunn, Martin & Miller, Ltd., of Joliet, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

Plaintiffs James and Linda Bingham are the sole shareholders of plaintiff Winner's Circle Speed and Custom, Inc. Plaintiffs appeal from a judgment in favor of defendant, Inter-Track Partners, in an action to prevent defendant from using the trade name "Winner's Circle."

Plaintiffs contend that the trial court erred when it: (1) found plaintiffs' mark was invalid; (2) found that no likelihood of confusion existed between the parties' marks; and (3) refused to award attorney fees for willful infringement of plaintiffs' mark.

We find that the plaintiffs have established: (1) a protectable trade name; (2) that a likelihood of confusion does exist between the parties' marks; and (3) that the defendant's infringement was willful, and therefore, plaintiffs are entitled to reasonable attorney fees and costs.

Accordingly, we reverse the judgment of the trial court. We find that the plaintiffs are entitled to injunctive relief to protect their trade name. Therefore, we remand this cause to the trial court so that a proper determination can be made of the appropriate geographical area where the defendant will be enjoined from using the names "The Winner's Circle" or "Winner's Circle."

The record shows that plaintiffs sell auto racing, performance and sports car equipment under the trade names "Winner's Circle" and "Winner's Circle Speed and Custom." Plaintiffs operate retail stores in Galesburg, Bradley, and Joliet, Illinois. Plaintiffs have continuously used the "Winner's Circle" trade names since they began doing business in Joliet on May 1, 1971. Plaintiffs have recently achieved annual sales of approximately $2.5 million.

In April 1990, defendant obtained a certificate of registration from the Illinois Secretary of State for the mark "The Winner's Circle." In October 1990, defendant opened an off-track betting parlor and restaurant in Joliet named "The Winner's Circle." Just prior to defendant's grand opening, plaintiffs brought their action for injunctive relief.

Plaintiffs' three-count amended complaint sought to enjoin defendant, under principles of common law trade name infringement, from using the trade names "The Winner's Circle" or "Winner's Circle."

Plaintiffs' amended complaint also sought cancellation of defendant's Illinois service mark registration and an award of attorney fees for willful infringement under section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1989, ch. 121½, par. 312).

Following a bench trial, the trial court entered judgment for defendant. The trial court found no evidence that the defendant: (1) was likely to expand into plaintiffs' business; (2) portrayed its business as plaintiffs' business; or (3) intended to deprive plaintiffs of their customers or obtain a competitive edge.

The trial court further found that the services offered by the parties were completely different, and that the likelihood of confusion between the businesses' marks was slight. The trial court determined that the plaintiffs had failed to prove the name "Winner's Circle" was so identified with their business that it entitled them to exclusive use of the name. The trial court also found no evidence of willful infringement and therefore denied plaintiffs' request for attorney fees. Based upon these findings, the trial court denied plaintiffs' request for injunctive relief.

The resolution of plaintiffs' action for trade name infringement involves a two-step analysis. The court must first determine if the plaintiffs' mark is a valid mark. Next, the court must determine if the alleged infringer's use of a similar mark creates a "likelihood of confusion" on the part of the consuming public. *Thompson v. Spring-Green Lawn Care Corp.* (1984), 126 Ill. App. 3d 99, 105, 466 N.E.2d 1004, 1010.

Whether a trade name is valid and, therefore, protectable, depends upon its placement in a range of classifications. (*Miller Brewing Co. v. G. Heileman Brewing Co.* (7th Cir. 1977), 561 F.2d 75, 79.) Here, the parties agree that the validity of the "Winner's Circle" mark turns upon whether it can be classified as a "suggestive" term.

■■ " 'If [a mark] stands for an idea which requires some operation of the imagination to connect it with the goods, it is suggestive.' " (*Union Carbide Corp. v. Ever-Ready Inc.* (1976), 531 F.2d 366, 379, quoting A. Seidel, S. Dalroff, & E. Gonda, Trademark Law and Practice §4.06, at 77 (1963).) A suggestive term suggests rather than describes an ingredient or characteristic of the goods and requires the observer or listener to use his imagination and perception to determine the nature of the goods. (*Miller,* 561 F.2d at 79.) Suggestive terms merely hint at the product or the result of using the product and yet, viewed in the abstract, do not readily lead to an identification of the product area. *Thompson,* 126 Ill. App. 3d at 107-08, 466 N.E.2d at 1011-12, citing Olds, *Protecting Trademarks &*

*Trade Names*, in Intellectual Property Law for the General Business Counselor ch. 8, §8.15 (Ill. Inst. for Cont. Legal Educ. 1978).

█ Applying this analysis to the mark at issue, we find that plaintiffs' trade name is "suggestive" and, therefore, subject to protection. "Winner's Circle" is not simply descriptive of plaintiffs' goods and services. The name "Winner's Circle" requires the operation of a person's imagination to connect it with plaintiffs' goods and services. Consumers must associate "winning," or a place for winners, with plaintiffs' racing, speed, performance and custom automotive equipment.

The exclusive right to use a suggestive term as a trade name vests in the party who *first* used the term in a particular market. (*Thompson*, 126 Ill. App. 3d at 109, 466 N.E.2d at 1012-13.) State registration of a trade name does *not* establish any substantive rights which would not otherwise exist. *Mars, Inc. v. Curtiss Candy Co.* (1972), 8 Ill. App. 3d 338, 343, 290 N.E.2d 701, 704.

Here, the exclusive right to use the mark clearly belongs to plaintiffs. The evidence shows that the plaintiffs have continuously used the "Winner's Circle" mark since 1971. Based upon *Thompson*, the plaintiffs are entitled to protection if the evidence indicates a likelihood of confusion on the part of the consuming public due to defendant's use of a similar mark. (*Thompson*, 126 Ill. App. 3d at 109-10, 466 N.E.2d at 1013.) Evidence of infringement of a valid trademark is found where the evidence indicates a likelihood of confusion, deception or mistake by ordinary purchasers. *Thompson*, 126 Ill. App. 3d at 110, 466 N.E.2d at 1013.

In determining whether likelihood of confusion exists, courts typically consider such factors as: (1) the similarity of the marks in appearance and suggestion; (2) the area and manner of current use; (3) the degree of care likely to be exercised by customers; (4) the strength of the complainant's mark; and (5) actual confusion. (*Thompson*, 126 Ill. App. 3d at 110-11, 466 N.E.2d at 1014.) It is not necessary to resolve all factors in favor of plaintiffs to sustain their claim of infringement.

Evidence of actual confusion is not necessary to support injunctive relief, although such evidence weighs in favor of injunctive relief. (*Cullen Electric Co. v. Cullen* (1991), 218 Ill. App. 3d 726, 735, 578 N.E.2d 1058, 1064.) A latecomer owes a duty to take affirmative precautions sufficient to make confusion in the use of similar service marks improbable. *Thompson*, 126 Ill. App. 3d at 111, 466 N.E.2d at 1014.

■ From our review of the record, we find that the trial court was presented with substantial evidence of actual confusion. The record shows that both parties received telephone calls, freight shipments, and United States mail deliveries intended for the other. Testimony indicated that telephone directory assistance operators confused the two businesses, despite efforts by telephone company supervisors to alleviate the problem. The trial court heard evidence of misdirected bills and an unemployment compensation claim intended for defendant which was filed against plaintiffs. Customers interested in defendant's betting parlor began visiting plaintiffs' store even before defendant opened its facility. Plaintiffs received a number of inquiries from their customers questioning whether plaintiffs had relocated, expanded their business, or allowed the use of their name by defendant's betting parlor. In short, confusion among the consuming public occurred even prior to defendant's opening its doors, and evidence of such confusion was presented through the time of trial.

We conclude that based upon the similarity of the marks and defendant's attempted concurrent use of the mark in the Joliet area that a likelihood of confusion will indefinitely exist between the businesses. Plaintiffs' establishment and use of a valid trade name prior to defendant's use affords plaintiffs the right to enjoin the defendant from using a mark likely to confuse or mislead the public.

Plaintiffs' prayer for relief requested that defendant be permanently enjoined from using "The Winner's Circle" or "Winner's Circle" trade names within a protected "trade area." However, plaintiffs presented insufficient evidence to determine the parameters of this trade area. Therefore, we remand the cause for a proper determination of the boundaries of plaintiffs' "zone of protection." See, *e.g.*, *Brewer v. Egyptian Sports, Inc.* (1984), 122 Ill. App. 3d 1022, 462 N.E.2d 520.

■ Plaintiffs also requested cancellation of defendant's Illinois registration of the service mark "The Winner's Circle." Pursuant to statute, the Secretary of State is required to cancel any registration where the circuit court finds, *inter alia*, that the registrant is not the owner of the mark, that the registration was granted contrary to the Act, or that the registration was obtained fraudulently. (Ill. Rev. Stat. 1989, ch. 140, par. 16(A)(4).) Plaintiffs do not allege that any of these factors are present, but apparently desire that we order cancellation "on any ground" (Ill. Rev. Stat. 1989, ch. 140, par. 16(A)(5)). We decline to do so.

Defendant obtained registration of the mark based upon its first use at its Chicago location on September 8, 1987. The record shows

that defendant was not aware of plaintiffs' mark until the summer of 1990. Based upon the evidence, we cannot say that defendant's mark was obtained fraudulently or contrary to the trademark act.

Plaintiffs contend that the trial court erred in refusing to enjoin defendant's use of the "Winner's Circle" trade name as a violation of the Uniform Deceptive Trade Practices Act and in refusing to award attorney fees under the Act. We agree. Prior to a consideration of fees, we first conclude that the trial court erred in refusing to enter an injunction in favor of plaintiffs. Again applying the foregoing analysis, we find that injunctive relief is warranted when a party's trade practice creates a likelihood of confusion or misunderstanding (Ill. Rev. Stat. 1989, ch. 121½, pars. 312(2), (3), (12), 313).

The Act allows costs and attorney fees to be assessed in favor of a plaintiff if the court finds that the defendant willfully engaged in a deceptive trade practice. (Ill. Rev. Stat. 1989, ch. 121½, par. 313.) The trial court, however, found "no evidence of bad faith intent by defendant to benefit from [plaintiffs'] goodwill and reputation *** and therefore insufficient proof of willful infringement justifying an award of attorneys fees [was presented]." However, we find that the trial court's determination was against the manifest weight of the evidence.

■ Sufficient evidence was presented to show that defendant had actual knowledge of plaintiffs' prior use of the "Winner's Circle" trade name and nonetheless disregarded plaintiffs' common law rights in the name. In a cease and desist letter dated May 25, 1990, plaintiffs notified defendant of their established trade name and their intent to protect it. This letter placed defendant on notice of plaintiffs' long-standing prior use of "Winner's Circle." Despite this warning, defendant proceeded to implement and promote "The Winner's Circle" in connection with the October 1990 opening of the Joliet betting parlor. Defendant further admitted that it was aware of plaintiffs' mark prior to promoting its business. We find that the defendant made a reasoned, deliberate business decision to proceed with "The Winner's Circle" despite plaintiffs' protest.

Plaintiffs presented sufficient evidence in the trial court of reasonable attorney fees and costs of $36,443.59. Also, plaintiffs have requested that we allow $7,500 as reasonable attorney fees for their appeal. We find both amounts to be reasonable. Therefore, we award plaintiffs attorney fees and costs of $43,943.59.

In summary, we reverse the judgment of the circuit court of Will County and order an award of plaintiffs' attorney fees of $43,943.59. We remand for a determination by the trial court of the area of pro-

tection for plaintiffs' use of the "Winner's Circle" trade names. We decline to order cancellation of defendant's Illinois service registration.

Reversed and remanded.

GORMAN and HAASE, JJ., concur.