NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 44

No. 2015-158

| | |
|---|---|
| TLOC Senior Living, LLC | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Addison Unit, |
| | Civil Division |
| | |
| Albert R. (Alpine) Bingham III | October Term, 2015 |

Robert A. Mello, J.

Alison J. Bell of Langrock Sperry & Wool, LLP, Burlington, for Plaintiff-Appellee.

Albert (Alpine) Bingham III, Pro Se, Middlebury, Defendant-Appellant.


PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.


¶ 1.    **SKOGLUND, J.**    Defendant Albert Bingham appeals pro se from the trial court's declaratory judgment order. We affirm.[*]

¶ 2.    Plaintiff owns and operates a senior living community in Middlebury, Vermont, doing business as "The Lodge at Otter Creek." In July 2013, Bingham registered the name "The Lodge at Otter Creek" under his own name with the Vermont Secretary of State's Office after

---

[*] While this appeal was pending, Bingham filed a motion to recuse the entire Court from this case because he believes the appeal has been pending too long without a final decision. This argument is frivolous and it does not support recusal. The motion is therefore denied. See Condosta v. Condosta, 137 Vt. 35, 36, 401 A.2d 897, 898 (1979) (explaining that motion to disqualify will be denied "if it appears that the motion [to disqualify] is frivolous, or made to delay proceedings, or has no foundation justifying recusal").

plaintiff lapsed in its re-registration of the name. In December 2013, plaintiff filed a complaint alleging slander of title, trade infringement, unfair competition, and tortious interference with contract. Plaintiff claimed that despite Bingham's actions, his registration of the name did not bestow him with any rights to actually use it as a trade name. Rather, plaintiff contended that it retained the exclusive common law rights to the continued use of "The Lodge at Otter Creek" as its trade name. Bingham filed several counterclaims. He argued in relevant part that by registering the name "The Lodge at Otter Creek" as his business name, he effectively foreclosed any right that plaintiff had to the name.

¶ 3. In February 2014, Bingham filed a motion to dismiss as well as a motion for summary judgment. In May 2014, Bingham filed a motion for a default judgment in his favor. Plaintiff subsequently moved for summary judgment in its favor. Following a motion hearing, the court denied both motions for summary judgment. The court also dismissed Bingham's motion for default judgment wherein he argued that plaintiff's failure to timely respond to his motion for summary judgment entitled him to a default judgment. The court had previously issued an entry order notifying the parties that it would consider the merits of all pending motions in the context of both parties' motions for summary judgment. Citing Desjarlais v. Gilman, 143 Vt. 154, 158-59, 463 A.2d 234, 237 (1983) (stating that rules concerning default judgment "should be liberally construed in favor . . . of resolving litigation on the merits, to the end that fairness and justice are served").

¶ 4. Turning to the merits, the court recounted the following. With respect to the business name "The Lodge at Otter Creek," plaintiff alleged that the name had been continuously used in a commercial capacity since 2005. Plaintiff stated that in addition to itself, "The Lodge at Otter Creek" moniker had been used by affiliated corporate entities, including TLOC Real

2

Estate. Because these corporate entities were using "The Lodge at Otter Creek" as an alternative business name, it was necessary to register the name with the Secretary of State. See 11 V.S.A. § 1623(a) (providing that limited liability corporation doing business in Vermont under any name other than that of limited liability company must file sworn returns identifying name under which such business is carried on, as well as name of town wherein such business is to be carried on, brief description of kind of business transacted under such name, and limited liability company name and location of principal office of such corporation or limited liability company). The name was first registered in 2005 by plaintiff's parent company, Middlebury Heights Holding Company, LLC (MHHC). In 2011, however, MHHC failed to re-register "The Lodge at Otter Creek" pursuant to 11 V.S.A. § 1635. Thus, when Bingham registered "The Lodge at Otter Creek" under his own name, it was not registered with any other entity.

¶ 5. The court discussed the nature of a "trade name," relying on the Restatement (Third) of Unfair Competition (2015). The court found no dispute that plaintiff and its affiliated corporate entities were the first to appropriate the designation of "The Lodge at Otter Creek." At the time of plaintiff's complaint, plaintiff had been doing business under the designation for more than five years. The court concluded that plaintiff had established under common law that it acquired rights to "The Lodge at Otter Creek" as its trade name. For reasons not relevant here, the court found no evidence to support plaintiff's unfair competition claim. The court further found that even though plaintiff retained common law rights to the trade name, the court could not declare that plaintiff was entitled to the actual use of that name because to do so would run afoul of 11 V.S.A. § 1623(a), which required the registration of business names. Nonetheless, the court cautioned that its conclusion should not be read as providing Bingham with any rights to actually use "The Lodge at Otter Creek" as his own trade name. Additionally, the fact that

3

Bingham registered "The Lodge at Otter Creek" with the State was not enough, standing alone, to support Bingham's counterclaim of unfair competition. See Restatement (Third) of Unfair Competition § 12 cmt. c; see also Bingham v. Inter-Track Partners, 600 N.E.2d 70, 73 (Ill. App. Ct. 1992) ("State registration of a trade name does not establish any substantive rights which would not otherwise exist."); First Wis. Nat'l Bank of Milwaukee v. Wichman, 270 N.W.2d 168, 171 (Wis. 1978) ("Common law rights in a trademark or trade name are created and preserved by use and not by registration.").

¶ 6.     The court concluded that although Bingham had been able to register "The Lodge at Otter Creek," plaintiff's failure to re-register the name did not allow Bingham to use it. As support, the court cited the Restatement (First) of Torts § 752 cmt. b (1938) ("If [a] trademark or trade name has considerable market reputation, it may continue for some time after the cessation of the use to be regarded in the market as identifying the goods, services or business of the person who discontinued the use. If he remains in business during that period, he is entitled to relief . . . against others who use the trade-mark or trade name in a manner which thus confuses prospective purchasers."). At all times relevant to this proceeding, the court explained, plaintiff was using "The Lodge at Otter Creek" as its trade name. Certainly, the court concluded, plaintiff's common law rights to the trade name had not dissipated to an extent that permitted Bingham's usage. Indeed, even if plaintiff ceased using "The Lodge at Otter Creek" as a trade name, the court found that it would be some time before another person or entity could properly acquire rights to its actual use, given how well-established the name was with plaintiff's business. The court therefore denied Bingham's motion for summary judgment on his related counterclaim.

¶ 7.    The court gave both parties thirty days to show why their respective claims should not be dismissed in their entirety.  Plaintiff then sought a declaratory judgment that it retained the right under common law principles to use "The Lodge at Otter Creek" as its trade name. Bingham sought his own declaratory judgment, requiring plaintiff to cease all use of "The Lodge at Otter Creek."  Bingham cited to Vermont's trademark laws in seeking all profits derived from plaintiff's allegedly wrongful use of the name, and requested that one of plaintiff's corporate executives be fined and imprisoned.

¶ 8.    After the parties filed their responses, the court issued an entry order granting declaratory relief to plaintiff.  It declared that plaintiff had established common law rights to the trade name, "The Lodge at Otter Creek," and that, notwithstanding Bingham's registration of the name as a business name with the Vermont Secretary of State, Bingham was not entitled to use the trade name without violating those rights.  The court found its decision supported by the undisputed facts and applicable law.  It dismissed all remaining claims and counterclaims. Bingham appealed.

¶ 9.    Bingham asserts that because he registered the trade name with the Secretary of State, his rights trump plaintiff's common law rights and his counterclaim should have been granted.  He suggests that plaintiff's parent company was the only entity that could have acquired any common law rights to the name and asserts that that company had not used the name in more than seven years.  Bingham also argues that plaintiff purposefully engaged in stalling tactics and that the trial court did not rule on his motion for default judgment.

¶ 10.    The court granted declaratory relief based on plaintiff's summary judgment motion.  We review the court's decision using the same standard as the trial court, and thus, we will uphold the judgment if the moving party has demonstrated that there are no genuine issues

5

of material fact and that it is entitled to judgment as a matter of law. Price v. Leland, 149 Vt. 518, 521, 546 A.2d 793, 795-96 (1988). We find no basis to disturb the court's decision here.

¶ 11. As the trial court explained, "[c]ommon law rights in a trademark or tradename are created and preserved by use and not by registration." Wichman, 270 N.W.2d at 171. This well-established rule is not undermined by the law requiring companies to register any business aliases with the Secretary of State. The registration requirement serves to provide notice to those doing business with such companies; registration of a name does not overcome existing common law rights to such name. See Senesac v. Duclos, 128 Vt. 601, 602, 270 A.2d 156, 158 (1970) (indicating that purpose of registration law is to provide notice); Restatement (Third) of Unfair Competition § 12 cmt. c (explaining that many states require registration of assumed or fictitious names under which individuals or business entities conduct business, and primary purpose of such laws is to assist others in identifying owners of businesses with whom they deal; absent specific statutory grant of substantive rights, registration of trade name does not expand registrant's right to present use of name by others); see also Bingham, 600 N.E.2d at 73 ("State registration of a trade name does not establish any substantive rights which would not otherwise exist."). The law does not support Bingham's assertion that he acquired superior rights to the name "The Lodge at Otter Creek" by registering the name with the Secretary of State.

¶ 12. We note that in his brief, Bingham cites Vermont law concerning trademarks. See, e.g., 9 V.S.A. §§ 2529-2531 (providing that person who has adopted and registered trademark as provided by statute, may sue to enjoin manufacture, use, display or sale of any counterfeits or imitations thereto, identifying specific acts that will violate law, and providing penalties). Assuming arguendo that this case involves a trademark as opposed to a trade name, plaintiff's common law rights would still prevail. The trademark statutes expressly provide that

6

"[n]othing herein shall adversely affect the rights or the enforcement of rights in marks acquired in good faith at any time at common law." Id. § 2532. We similarly reject Bingham's unsupported assertion that only plaintiff's parent company can claim common law rights to the use of "The Lodge at Otter Creek." It was undisputed that plaintiff had been using and operating under this name for over five years, and that prior to that time, plaintiff's parent company and other affiliates had also used the trade name. The court did not err in granting plaintiff the declaratory relief that he requested and denying Bingham's counterclaim.

¶ 13. Bingham's remaining arguments are equally without merit. The record does not support Bingham's claim that plaintiff unfairly engaged in stalling tactics to his detriment or that he was otherwise treated unfairly as a pro se litigant. The court's liberal construction of the filing requirements of V.R.C.P. 56 in Bingham's favor belies this assertion. As to his motion for default judgment, the court explained why it had not addressed this motion earlier, and it acted reasonably and consistently within the law in resolving this case on the merits and not as a matter of default. We find no error.

Affirmed.

FOR THE COURT:

_____
Associate Justice

¶ 14. **DOOLEY, J., dissenting.** Although the actual orders of the court are, at best, unclear, I will accept that the trial court intended to issue a declaratory judgment to plaintiff, TLOC Senior Living, with respect to the trade name, The Lodge at Otter Creek. What I can't understand is why, on the same general theory, the court did not grant a declaratory judgment to plaintiff to the effect that it is unlawful for defendant to use the same trade name under

7

11 V.S.A. § 1623(a). The court said as much in its order of February 15, 2015: "This court is unable to declare that plaintiff is entitled to the actual use of that name—to do so would run afoul of 11 V.S.A. § 1623(a)." Without registration, plaintiff will be unable to conduct business in this state under a name not its own, or even enforce its rights against other parties. See, e.g., Coty v. Ramsey Assocs., Inc., 149 Vt. 451, 469, 546 A.2d 196, 208 (1988) (noting that party may not have standing to sue in name of their business because they failed to register its name pursuant to requirements of 11 V.S.A. § 1621). The court added that it had no power to invalidate defendant's registration.

¶ 15. I agree with the proposition that use receives priority over registration in our law and that the central purpose of the registration requirement is to provide notice to consumers. Ante ¶ 11. It is settled law that rights to a trademark or trade name are established and ensured not by registration, but by use. Nat'l Bank of Milwaukee v. Wichman, 270 N.W. 2d 168, 171 (Wis. 1978). As a result, registration does not create the right to use a trade mark as against the right of a person who made a prior adoption of the trade name in the same trade area. Gluck v. Kaufman, 186 S.E. 615, 616 (W. Va. 1936). In fact, our governing statute, 11 V.S.A. § 1627, states this rule: "A name so registered shall not thereafter be used by a person . . . unless it is lawfully entitled to at the date of such registration." Defendant could not lawfully use the trade name on the date he acquired it.

¶ 16. But the result from the trial court is gridlock—defendant is barred from using the name "The Lodge at Otter Creek" by virtue of plaintiff's common law rights to the trade name, and plaintiff also cannot use the name in commerce without violating the requirements of 11 V.S.A. § 1623. The result squanders the goodwill associated with the trade name, thus running counter to the purpose of our trade mark regime and allowing defendant to continue to hold the

8

name as a hostage. I cannot accept that the Legislature intended this result. To avoid it, I would adopt a broader reading of 11 V.S.A. § 1627.

¶ 17. The obvious intent of the statutory provision is to not allow a person to benefit from the registration of a trade name that the person cannot lawfully use. Yet, if plaintiff has no remedy, defendant achieves the benefit of blocking plaintiff from using its business name. I am unwilling to read the statute as authorizing hostage taking. To avoid that result, I would read the statute as allowing the remedy of cancellation of the registration by the court. See White v. Bd. of Regents of the Univ. of Neb., 614 N.W.2d 330, 339 (Neb. 2000) (holding that court can cancel registration where it conflicts with common law trade name); see also 11 V.S.A. § 1621(c) (providing that Secretary of State can refuse to register business name "that would lead a reasonable person to conclude that the business is a type of entity that it is not"). In short, I do not accept the trial court's decision that it had no power to invalidate defendant's registration. I would remand for consideration of that remedy.

¶ 18. I am authorized to state that Justice Eaton joins this dissent.

_____
Associate Justice