Dooley, J.,
¶ 14. dissenting. Although the actual orders of the court are, at best, unclear, I will accept that the trial court intended to issue a declaratory judgment to plaintiff, TLOC Senior Living, with respect to the trade name, “The Lodge at Otter Creek.” What I can’t understand is why, on the same general theory, the court did not grant a declaratory judgment to plaintiff to the effect that it is unlawful for defendant to use the same trade name under 11 V.S.A. § 1623(a). The court said as much in its order of February 15, 2015: “This court is unable to declare that plaintiff is entitled to the actual use of that name — to do so would run afoul of 11 V.S.A. § 1623(a).” Without registration, plaintiff will be unable to conduct business in this state under a name not its own, or even enforce its rights against other parties. See, e.g., Coty v. Ramsey Assocs., 149 Vt. 451, 469, 546 A.2d 196, 208 (1988) (noting that party may not have standing to sue in name of their business because they failed to register its name pursuant to requirements of 11 V.S.A. § 1621). The court added that it had no power to invalidate defendant’s registration.
¶ 15. I agree with the proposition that use receives priority over registration in our law and that the central purpose of the registration requirement is to provide notice to consumers. Ante, ¶ 11. It is settled law that rights to a trademark or trade name are established and ensured not by registration, but by use. First Wis. Nat’l Bank of Milwaukee v. Wichman, 270 N.W.2d 168, 171 (Wis. 1978). As a result, registration does not create the right to use a trade mark as against the right of a person who made a prior adoption of the trade name in the same trade area. Gluck v. Kaufman, 186 S.E. 615, 616 (W. Va. 1936). In fact, our governing statute, 11 V.S.A. § 1627, states this rule: “A name so registered shall not thereafter be used by a person . . . unless it is lawfully entitled to at the date of such registration.” Defendant could not lawfully use the trade name on the date he acquired it.
¶ 16. But the result from the trial court is gridlock — defendant is barred from using the name “The Lodge at Otter Creek” by virtue of plaintiffs common law rights to the trade name, and plaintiff also cannot use the name in commerce without violating the requirements of 11 V.S.A. § 1623. The result squanders the *596 goodwill associated with the trade name, thus running counter to the purpose of our trade mark regime and allowing defendant to continue to hold the name as a hostage. I cannot accept that the Legislature intended this result. To avoid it, I would adopt a broader reading of 11 V.S.A. § 1627.
¶ 17. The obvious intent of the statutory provision is to not allow a person to benefit from the registration of a trade name that the person cannot lawfully use. Yet, if plaintiff has no remedy, defendant achieves the benefit of blocking plaintiff from using its business name. I am unwilling to read the statute as authorizing hostage taking. To avoid that result, I would read the statute as allowing the remedy of cancellation of the registration by the court. See White v. Bd. of Regents of Univ. of Neb., 614 N.W.2d 330, 339 (Neb. 2000) (holding that court can cancel registration where it conflicts with common law trade name); see also 11 V.S.A. § 1621(c) (providing that Secretary of State can refuse to register-business name “that would lead a reasonable person to conclude that the business is a type of entity that it is not”). In short, I do not accept the trial court’s decision that it had no power to invalidate defendant’s registration. I would remand for consideration of that remedy.
¶ 18. I am authorized to state that Justice Eaton joins this dissent.